IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL E. HYDE,

      Petitioner,                 No. CIV S-09-3240-FCD-TJB

   vs.

STEVE MOORE,

      Respondent.          <u>AMENDED FINDINGS AND RECOMMENDATIONS</u>

_____/

## I.  INTRODUCTION

Petitioner Paul E. Hyde is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, it is recommended that habeas relief be denied.

## II.  BACKGROUND

Petitioner is currently serving a sentence of seven years to life.  Pet'r's Pet. 1, ECF No. 1;[1] *see also Hyde v. Moore*, No. CIV S-08-1365-FCD-TJB, 2010 WL 4321606, at *1 (E.D. Cal.

---

[1] The Case Management/Electronic Case Files (CM/ECF) docketing and file system is implemented, which allows the parties to electronically file pleadings and documents.  For pleadings or documents submitted in paper format, the filing is scanned and stored electronically into the CM/ECF system, except for lodged documents.  Each page of the electronic filing is numbered chronologically, whether or not the party numbered it.  If the filing is lengthy, the

1

Oct. 26, 2010). "In 1973, at age 19, in the Los Angeles County Superior Court [C]ase No. A068239, [Petitioner] was convicted of first degree murder (§ 187; count 5), four counts of robbery of the first degree (§ 211; counts 1, 2, 6 & 7), assault with a deadly weapon with the intent to commit murder (former § 217; count 3), and assault by means of force likely to produce great bodily injury and with a deadly weapon (§ 245, subd. (a)(1); count 4), each with the personal use of a firearm (§ 12022.5)." *Hyde*, 2010 WL 4321606, at *1 (quoting *In re Hyde*, 154 Cal. App. 4th 1200, 1202, 65 Cal. Rptr. 3d 162 (2007)) (internal quotation marks omitted).

In the instant action, Petitioner challenges the decision by the California Board of Parole Hearings (the "Board") denying Petitioner parole. Petitioner appeared before the Board on April 19, 2007.

Dated August 16, 2007, Petitioner's petition for writ of habeas corpus was filed in the Los Angeles County Superior Court challenging the Board's decision.[2] *See* Resp't's Answer Ex. 1, ECF No. 10. In a decision dated October 29, 2007, the Superior Court issued a reasoned decision denying parole. *See* Resp't's Answer Ex. 2.

On April 8, 2008, Petitioner sought relief in the California Court of Appeal, Second Appellate District. *See* Resp't's Answer Ex. 3. On May 8, 2008, the California Court of Appeal denied the petition without comment or citation. *See* Resp't's Answer Ex. 4.

On June 9, 2008, Petitioner sought relief in the California Supreme Court. *See* Resp't's Answer Ex. 5. On December 17, 2008, the California Supreme Court denied the petition with only a citation to *People v. Duvall*, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252 (1995). *See* Resp't's Ex. 6.

---

document is divided into parts. Here, when a page number for a filed pleading or document is cited, the CM/ECF page number is used when available, which may not coincide with the page number that the parties used.

[2] The Superior Court's decision states Petitioner filed his state habeas petition on July 20, 2007, *see* Resp't's Answer Ex. 2, at 2, but the record in the instant case does not reflect that date. *See* Resp't's Answer Ex. 1.

On November 20, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. *See* Pet'r's Pet. Respondent filed an answer to the petition on October 22, 2010, *see* Resp't's Answer, to which Petitioner filed a traverse on November 2, 2010. *See* Pet'r's Traverse, ECF No. 11.

### III. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359, 362 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

In applying AEDPA's standards, the federal court must "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citations omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v.*

*Nunnemaker*, 501 U.S. 797, 803 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable--a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "When it is clear, however, that the state court has not decided an issue, we review that question *de novo*." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*, 545 U.S. 374, 377 (2005)).

### IV. CLAIMS FOR REVIEW

The petition for writ of habeas corpus sets forth four grounds for relief, which are identical to the grounds discussed in the previous findings and recommendations. *Hyde*, 2010 WL 4321606, at *10. First, Petitioner argues that the Board erred because of "continued reliance on the commitment offense which will never change." Pet'r's Pet. pt. 1, at 6. Second, Petitioner asserts he is entitled to parole because he served "beyond the maximum time contained in the matrix." *Id.* Third, Petitioner claims his due process rights were violated at the parole hearing. *Id.* Fourth, Petitioner alleges there is "no evidence of current risk." *Id.* For the following reasons, Petitioner's allegations lack merit.

A. Procedural Default and Exhaustion

The California Supreme Court denied Petitioner's state habeas petition on procedural grounds, with only a citation to *People v. Duvall*, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252 (1995). *See* Resp't's Answer Ex. 6. Arguably, Petitioner may have procedurally defaulted his entire petition. However, Respondent only contends Petitioner failed to exhaust his matrix argument in state court. Specifically, "Respondent admits that Petitioner exhausted his state court remedies on his some evidence claim, and denies that Petitioner exhausted his state

4

court remedies to the extent they are interpreted more broadly to include systematic issues beyond the 2007 parole hearing." Resp't's Answer 2.  Since Petitioner argues his due process rights were also violated because his imprisonment "exceed[s] the maximum time contained in the matrix," Pet'r's Pet. pt. 1, at 15, Respondent implies only that Petitioner failed to exhaust this claim.

### 1. Legal Standard for Procedural Default and Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *see Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 365 (legal basis); *Correll v. Stewart*, 137 F.3d 1404, 1411-12 (9th Cir. 1998) (factual basis)). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it[;] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233, 237-38 (9th Cir. 1981). An appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available,

does not exhaust the petitioner's state remedies. *See Pitchess v. Davis*, 421 U.S. 482, 488 (1979); *Sweet*, 640 F.2d at 237-38.

A habeas petition is procedurally defaulted when the last reviewing state court dismissed it for failure to comply with a state rule of procedure. *Trest v. Cain*, 522 U.S. 87, 88-90 (1997); *Lambright v. Stewart,* 241 F.3d 1201, 1205 (9th Cir. 2001). When the procedural rule is independent of federal law and adequate to support the judgment, federal review of the claims is barred unless the petitioner can demonstrate either cause for the default and actual prejudice resulting from the alleged constitutional violations, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Carter v. Giurbino*, 385 F.3d 1194, 1196-97 (9th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Procedural default is an affirmative defense, and once the respondent has adequately pled the existence of independent and adequate state procedural grounds, the burden to place that defense in issue shifts to the petitioner. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

2. Analysis of Procedural Default

The last court to review Petitioner's claims was the California Supreme Court, which issued a one sentence denial of the petition, citing *People v. Duvall*, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252 (1995). *See* Lodged Doc. 6. Under California law, a citation to *Duvall* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252. A failure to comply with this requirement is a pleading defect subject to cure by amendment.

Here, Respondent has waived the affirmative defense of procedural default by failing to raise it in the answer, and "[a] court . . . is not 'required' to raise the issue of procedural default *sua sponte*." *Trest*, 522 U.S. at 89; *see* Resp't's Answer 2 ("Respondent admits that Petitioner

6

exhausted his state court remedies on his some evidence claim, and denies that Petitioner exhausted his state court remedies to the extent they are interpreted more broadly to include systematic issues beyond the 2007 parole hearing."). Rather, "a district court may raise the defense of procedural default *sua sponte* if to do so serves the interests of justice, comity, federalism, and judicial efficiency." *Windham v. Merkle*, 163 F.3d 1092, 1100 (9th Cir. 1998) (citation omitted). In the instant case, Petitioner's state petition appears to satisfy the *Duvall* pleading requirements, because it "both (i) states fully and with particularity the facts upon which relief is sought . . . as well as (ii) includes copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252 (citations omitted). Raising the issue of procedural default *sua sponte* here will not serve the interests of justice and comity because the refusal by the California Supreme Court to consider the merits of Petitioner's claims does not appear to be supported by the record, and because Respondent has waived the affirmative defense of procedural default.

        3. Analysis of Exhaustion

Here, Petitioner raised the matrix argument in his state habeas petitions to the California Court of Appeal and the California Supreme Court, but not in his state habeas petition to the Superior Court. *Compare* Resp't's Answer Ex. 3, at 13, 19 (California Court of Appeal), *and* Resp't's Answer Ex. 5, pt. A, at 13 (California Supreme Court), *with* Resp't's Answer Ex. 1 (Superior Court). "[T]he California Constitution provides that each of the three levels of state courts -- Superior Courts, Courts of Appeal, and the Supreme Court -- has 'original jurisdiction in habeas corpus proceedings.'" *Gaston v. Palmer*, 387 F.3d 1004, 1010 (9th Cir. 2004) (quoting Cal. Const. art. VI, § 10), *amended for other reasons by* 447 F.3d 1165 (9th Cir. 2006). A California prisoner may file an original habeas petition in each of the three courts, and each court may exercise its original jurisdiction. *See, e.g.*, *In re Clark*, 5 Cal. 4th 750, 760-62, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993) (noting petitioner's first habeas application was filed in California

Supreme Court). Since Petitioner presented the matrix argument to the California Supreme Court, "the highest state court with jurisdiction to consider it," *Johnson*, 88 F.3d at 829, this claim is exhausted.

Even if Petitioner's claim is unexhausted, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the applicant's failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(2). A federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Here, Petitioner's matrix argument also fails on the merits, and this matter is now ready for decision. *See infra* Part IV.C.

B. Grounds One, Three and Four: Due Process and Some Evidence

Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. *Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, *Swarthout v. Cooke*, No. 10-333, ___ U.S. ___, 2011 WL 197627 (Jan. 24, 2011); *Pearson v. Muntz*, 606 F.3d 606, 608-09 (9th Cir. 2010); *Hayward v. Marshall*, 603 F.3d 546, 561-63 (9th Cir. 2010). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. *Pearson*, 606 F.3d at 608; *Hayward*, 603 F.3d at 563.

On January 24, 2011, the United States Supreme Court issued a per curiam opinion in *Swarthout v. Cooke*, No. 10-333, ___ U.S. ___, 2011 WL 197627 (Jan. 24, 2011). In *Swarthout*, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." *Id.* at *3. The federal habeas court's

inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.* at *2 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)).

Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the Board's decision. "The Constitution does not require more [process]." *Greenholtz*, 442 U.S. at 16. The instant petition does not present cognizable claims for relief and should be summarily dismissed.

### C.  Ground Two:  Due Process and Matrix Argument

Petitioner argues that his imprisonment "exceed[s] the maximum time contained in the matrix utilized in setting the term of imprisonment and violate[s] Due Process . . . ." Pet'r's Pet. pt. 1, at 15. California parole guidelines require setting a "base term for each life prisoner who is found suitable for parole." CAL. CODE REGS. tit. 15, § 2282(a). The "base term" is "established by utilizing the appropriate matrix of base terms" provided in title 15, section 2282 of the California Code of Regulations. *Id.*

To the extent Petitioner contends the Board violated state law or regulations, Petitioner is not entitled to habeas relief. A federal court may grant habeas corpus relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mere errors in the application of state law are not cognizable on habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see generally Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining federal petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"), *cert. denied*, 522 U.S. 881 (1997).

In any event, Petitioner's claim lacks merit under state law. Under California law, the Board is not required to fix a base term until it finds an inmate suitable for parole. CAL. CODE REGS. tit. 15, § 2282(a); *see Irons v. Carey*, 505 F.3d 846, 851 n.3 (9th Cir. 2007) ("A

1  'determination of an individual inmate's suitability for parole under section 3041, subdivision (b)
2  [of the California Penal Code] must precede any effort to set a parole release date under the
3  uniform-term principles of section 3041, subdivision (a).'" (quoting *In re Dannenberg*, 34 Cal.
4  4th at 1079-80, 23 Cal. Rptr. 3d 417, 104 P.3d 783)); *In re Stanworth*, 33 Cal. 3d 176, 183, 654
5  P.2d 1311 (1982) ("Under both the 1976 and the current rules, a life prisoner must first be found
6  suitable for parole before a parole date is set."); *see also* CAL. PENAL CODE § 3041(b) (The
7  Board "shall set a release date unless it determines that the gravity of the current convicted
8  offense or offenses, or the timing and gravity of current past convicted offense or offenses, is
9  such that consideration of the public safety requires a more lengthy period of incarceration for
10 this individual, and that a parole date, therefore, cannot be fixed at this meeting."). Petitioner
11 was not found suitable for parole; the matrix did not need to be consulted. Petitioner is not
12 entitled to habeas relief on this claim.

## V.  CONCLUSION

14  For the foregoing reasons, IT IS HEREBY RECOMMENDED that Petitioner's
15 application for writ of habeas corpus be DENIED.
16  These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
21 shall be served and filed within seven days after service of the objections. Failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57
24 (9th Cir. 1991). In any objections he elects to file, Petitioner may address whether a certificate of
25 appealability should be issued in the event he elects to file an appeal from the judgment in this
26 case. *See* Rule 11(a), Federal Rules Governing Section 2254 Cases (district court must issue or


deny certificate of appealability when it enters final order adverse to applicant).

DATED: February 4, 2011.

                                            TIMOTHY J BOMMER
                                            UNITED STATES MAGISTRATE JUDGE